**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALMANTAS KARKAUSKAS,

Petitioner,

v. No. 2:26-cv-02550-KG-JMR

LNU, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Almantas Karkauskas's pro se Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 9.[1] For the reasons below, the Court grants the habeas petition and orders his immediate release.

## *I. Background*

The Government does not contest the facts presented in the Petition. *See* Doc. 6 at 1 ("For purposes of this specific case, Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition."). Thus, the Court accepts the facts pled in the Petition as true. *See* Doc. 1.

Petitioner, a native and citizen of Lithuania, entered the United States through JFK International Airport in New York on September 19, 2015. *Id.* at 8. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on September 27, 2017, pleaded guilty to a charge of "credit card fraud less than [$]500," and was issued an order of removal that became administratively final on or about March 13, 2018. Doc. 1 at 8; Doc. 1-1 at 1–38. Petitioner was

[1] The Government also filed a document listed in the docket as a Response to Order to Show Cause that is substantively identical to the Government's Response. *Compare* Doc. 6, with Doc. 7. The Court disregards this document as an errant filing.

released on an Order of Supervision and was re-detained by ICE on April 12, 2026. Doc. 1 at 10. Since then, Petitioner has remained in ICE custody and is currently detained at the Otero County Detention Center in New Mexico. *Id.* at 10.

Petitioner seeks immediate release. He argues that his detention violates the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. *Id.* at 6–7.

## *II. Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,"

the Government "must . . . rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.). DHS regulations allow the government to extend the removal period "if the [noncitizen] fails or refuses to make timely application in good faith for travel or other documents necessary to the [noncitizen's] departure or conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." 8 C.F.R. § 241.4(g)(1)(ii).

***III. Analysis***

Petitioner's detention violates due process. To start, the *Zadvydas* burden-shifting framework applies. Petitioner's removal order became administratively final on or about March 13, 2018, and was subsequently re-detained by ICE on April 12, 2026. Doc. 1 at 8–10. He has now been detained for more than 6 months since that date, which exceeds the six-month presumptively-reasonable period.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. He specifically asserts that his deportation to another country is "not significantly likely in the reasonably foreseeable future[e]" and, as a result, his "dewtention no longer serves [a reasonable] purpose[.]" *Id.* at 6. That allegation is sufficient to meet his burden.

Finally, the Government does not contest the facts presented in the Petition or otherwise rebut Petitioner's claims that removal is not reasonably foreseeable. *See* Doc. 6. Instead, the Government states that, "if the Court does grant the Petition, the appropriate relief would be an

order directing Petitioner's release on conditions to be set by the Department of Homeland Security." *Id.* at 1; *see Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention."), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same).

### *IV. Conclusion*

For the reasons above, Petitioner's continued detention violates § 1231(a). The Court therefore orders that:

1. The Government shall release Petitioner within 48 hours of this Order. The Government shall not impose any new conditions of release.
2. Upon Petitioner's release, the Government must return all of his property, including any identification documentation that was in his possession when he was detained. The Government shall also provide a copy of this Order to Petitioner.
3. The Government is enjoined from re-detaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and the Government's anticipated timeline.
4. The Government shall file a status report within 10 business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.